[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case, tried before the court, involves a collision of motor vehicles in which the plaintiff asserts a claim for property damage and other damages resulting from the loss of his vehicle. This accident happened in February of 1994, at the intersection of West Main Street and Holmes Avenue.
The plaintiff, Stephen Oldakowski, testified that he was proceeding north on State Street, intending to cross West Main Street to enter Holmes Avenue, and testified that he crossed the eastbound lanes of West Main Street, and proceeded through a green light, and temporarily slowed up or stopped opposite the west lanes of West Main Street to allow the automobile in front of his car to make a left turn to proceed in a westerly direction on West Main Street. When it was safe to proceed, he proceeded in a northerly direction to enter Holmes, Avenue, when his car collided with the defendant's automobile which was proceeding in an westerly direction on West Main Street, in the third lane, or the lane closest to the north side of that street.
The defendant testified that she was proceeding in a westerly direction on West Main Street, approaching the intersection of that street with Holmes Avenue, in the third lane of travel. Both parties agree that in the other two lanes of travel, there were cars stopped for the red traffic signal existing at the intersection of Holmes Avenue and West Main Street. The defendant testified that as she approached the intersection, the traffic signal that was red turned green, and that she proceeded through the intersection, where her car and the plaintiff's car collided.
The court finds that the testimony of the plaintiff is credible, that he proceeded into the intersection through a green light, and the court finds that he was lawfully within the intersection at the time of the collision. The court finds that even if the defendant proceeded through a green traffic signal, it was her obligation to yield the right of way to another vehicle lawfully in that intersection. The court finds that she did not proceed with caution, and it was her negligence that caused the collision. The plaintiff has sustained his burden of proof. The court finds on behalf of the plaintiff for his claim CT Page 12764 for property damages and other damages associated with the loss of use of his vehicle. The parties have stipulated that the plaintiff's vehicle was a total loss, and the plaintiff, without objection, has submitted an appraisal (Plaintiff's Exhibit C), indicating the value of that vehicle as of the date of loss was $5,100.00. In addition, the court finds that the plaintiff is entitled to the towing charge of $42.00, and the rental of a replacement vehicle in the amount of $550.00, and the registration fee of $306.00, incurred in registering his replacement vehicle, for a total of $5,992.00. The court enters judgment on behalf of the plaintiff against the defendant, in the amount of $5,992.00.
/s/ Pellegrino, J. PELLEGRINO